**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL NO.  1:09CV297-T**
**(1:06CR251-T)**

| | |
|---|---|
| **ROBERT DEON HUNTER, SR.,** )<br><br>**Petitioner,** )<br><br>**v.** )<br><br>**UNITED STATES OF AMERICA,** )<br><br>**Respondent.** )<br>─────────────────────────── ) | **MEMORANDUM AND**<br>**O R D E R** |

     **THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and motion for evidentiary hearing, both filed August 3, 2009.  For the reasons stated herein, Petitioner's motions to vacate and for a hearing will be denied and the case dismissed.

## I. PROCEDURAL HISTORY

     Petitioner was one of ten individuals charged in a one-count indictment with conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841 and 846.  **Bill of Indictment, filed**

**October 3, 2006.**  On January 29, 2007, the Government filed an

information pursuant to 21 U.S.C. § 851 regarding the Petitioner's previous

felony drug conviction on March 6, 1998.  **Information Pursuant to 21**

**U.S.C. § 851, filed January 29, 2007.**

Thereafter, the Petitioner entered into a plea agreement with the

Government wherein he agreed to plead guilty to the charge contained in

the indictment.  **Plea Agreement, filed March 1, 2007.**  On March 6, 2007,

Petitioner, with counsel, attended a Rule 11 hearing and formally entered

his guilty plea before the Magistrate Judge.  **Rule 11 Inquiry and Order of**

**Acceptance of Plea, filed March 6, 2007.**  On October 31, 2007, this

Court sentenced Petitioner to 262 months imprisonment.  **Judgment of**

**Conviction in a Criminal Case, filed November 7, 2007**.  Petitioner

appealed; on March 27, 2009, Petitioner's conviction and sentence were

affirmed by the Fourth Circuit.  ***United States v. Hunter, Sr.*, 319 F. App'x**

**290, 293 (4th Cir. 2009)**.

Petitioner asserts in his § 2255 motion that: 1) his counsel was

ineffective for failing to demand an adequate factual basis to determine the

applicability of the career offender provision of the sentencing guidelines;

and 2) his counsel was ineffective for allowing the Court to improperly apply the career offender provision to his case.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. **Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.** In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion. *Id.* The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## III.  ANALYSIS

In order to show ineffective assistance of counsel, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he

was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different.  ***Strickland v. Washington*, 466 U.S. 668, 687-91 (1984)**.  In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance.  ***Id.* at 689**; ***Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1995)**.  Petitioner bears the burden of proving *Strickland* prejudice.  ***Fields*, 956 F.2d at 1297.**  If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." ***Id.* at 1290.**

Moreover, a petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea must meet an even higher burden.  ***Hill v. Lockhart*, 474 U.S. 52, 53-59 (1985).**   When a petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." ***Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988).**  This determination is an objective one based on whether going to trial might reasonably have resulted in a different outcome.  ***Hill*, 474 U.S. at 59-60.**

Petitioner argues he does not qualify as a career offender because he did not have two prior felony convictions that resulted in his actual imprisonment for over a year.  Petitioner's argument is without merit.  A prior felony conviction for career offender purposes is defined as "an offense punishable by death or imprisonment for a term exceeding one year . . . regardless of the actual sentence imposed.  **USSG § 4B1.2, comment. (n.1).**  Consequently, for a prior conviction to qualify as a predicate offense for career offender purposes a defendant need not serve a prison term greater than a year.  Rather, the maximum term of imprisonment allowable under the conviction statute must be greater than a year.  *United States v. Harp*, 406 F.3d 242, 246 (4th Cir. 2005); *United States v. Jones*, 195 F.3d 205, 207 (4th Cir. 1999).  Therefore, Petitioner cannot establish that his counsel's performance was deficient or that he was prejudiced and his ineffective assistance of counsel claim on this basis fails.

Petitioner also alleges that his counsel was ineffective for failing to require the Government to present more evidence other than the presentence report to support its assertion that Petitioner was a career offender.  More specifically, Petitioner asserts that his counsel should have

required the Government to produce "live testimony, affidavits, or documentary evidence."  Petitioner's claim fails because the Government is not required to produce such evidence.  Indeed, the burden is on the defendant to show the inaccuracy or unreliability of a presentence report.  Mere objections are insufficient.  ***See United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990) (citing *United States v. Mueller*, 902 F.2d 336, 347 (5th Cir. 1990)).**  As such, counsel's performance was not deficient and Petitioner was not prejudiced.

In addition, Petitioner presents no argument as to what would have been accomplished if the Government had been required to produce such evidence.  That is, Petitioner does not assert that any of the factual information in the presentence report was incorrect.  Indeed, at his sentencing hearing, Petitioner answered twice under oath that he understood he had been convicted or pled guilty to at least four prior felony offenses.[1]  Consequently, at a minimum, Petitioner cannot establish he was prejudiced by any action or inaction of his counsel on this basis.

---

[1] During the sentencing hearing, the issue of Petitioner's status as a career offender was specifically discussed.  **Transcript of Sentencing Hearing, filed January 17, 2008, at 3-5.**

Likewise, Petitioner's counsel was not ineffective for failing to request a separate evidentiary hearing on Petitioner's career offender status. Indeed, had such a hearing been requested, this Court would have denied the request. Such hearings are not typical and Petitioner presents no reason that such a hearing should have been held. As such, his counsel's performance was not deficient and Petitioner was not prejudiced.

Additionally, because the Court finds no merit in any of the Petitioner's arguments presented herein, his request for an evidentiary hearing on this motion is denied.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and his motion for an evidentiary hearing is likewise **DENIED**.

A Judgment dismissing this action is filed herewith.

Signed: August 24, 2009

Lacy H. Thornburg
United States District Judge